BANK OF SAMPSON v. A. M. BARBREY ET AL.

(Filed 31 March, 1910.)

**Contracts—Territorial Rights—Fraud—Vendor and Vendee—Third Persons.**

The facts of this case being substantially the same as those in *Bank v. Hatcher*, 151 N. C., 359, excepting that the note for territorial rights for the sale of the commodity was made direct to the bank and not to the vendor, without sufficient evidence that the bank was interested in the sale, or was a copartner with the vendor, the decision in that case controls this appeal.

APPEAL from *Guion, J.,* at January Term, 1910, of SAMPSON.

Action on a note. The execution of the note dated 25 May, 1907, payable to plaintiff for $288, was admitted, and also payment of $144 on 12 September, 1907. The defendants pleaded a counterclaim. At close of all the evidence the court then sustained a motion to nonsuit defendants upon counterclaim, upon the ground that there was no sufficient evidence to support it. Defendants excepted, and appealed from verdict and judgment rendered.

*Faison & Wright* and *F. R. Cooper* for plaintiff.
*George E. Butler* and *J. D. Kerr* for defendants.

BROWN, J. We are of opinion that his Honor did not err in sustaining the motion to dismiss the counterclaim. This case is substantially the same as *Bank v. Hatcher,* 151 N. C., 359, except that here the note is payable directly to the bank and that the note is executed by a *feme covert* and her husband, and a specific charge is made upon her personal property, the title to which is assigned as security.

We find no sufficient evidence that the bank was a copartner or interested with Lowthrop in the sale of the territorial rights for the vending of the safety locks.

It further appears that defendants sold the locks all during the spring and summer of 1907, and made no complaint to Lowthrop, and voluntarily paid $144 on the note to the bank on 12 September, 1907.

It would seem that this is a stronger case for plaintiff than *Bank v. Hatcher.*

No error.